# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| YETI Coolers, LLC, | Case No. 17-cv-7025 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF FOR:** |
| v. | |
| Costco Wholesale Corporation, | (1) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);** |
| Defendant. | (2) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);** |

(1) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1);**
(2) **TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**
(3) **TRADE DRESS INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1125(a);**
(4) **TRADEMARK DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**
(5) **TRADE DRESS DILUTION IN VIOLATION OF 15 U.S.C. § 1125(c);**
(6) **UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN IN VIOLATION OF 15 U.S.C. § 1125(a);**
(7) **COMMON LAW TRADEMARK INFRINGEMENT;**
(8) **COMMON LAW TRADE DRESS INFRINGEMENT;**
(9) **COMMON LAW UNFAIR COMPETITION;**
(10) **COMMON LAW MISAPPROPRIATION;**
(11) **UNJUST ENRICHMENT;**
(12) **PATENT INFRINGEMENT IN VIOLATION OF 35 U.S.C. § 271;**
(13) **COPYRIGHT INFRINGEMENT IN VIOLATON OF 17 U.S.C. § 501; AND**
(14) **DECEPTIVE TRADE PRACTICES IN VIOLATION OF 815 ILCS § 510**

**Jury Trial Demanded**

# COMPLAINT

Plaintiff, YETI Coolers, LLC ("YETI"), for its complaint against Costco Wholesale Corp. ("Costco"), alleges as follows:

### The Parties

1.     YETI is a company organized and existing under the laws of the State of Delaware with a principal place of business at 7601 Southwest Parkway, Austin, TX 78735.

2.     On information and belief, Costco Wholesale Corp. organized and existing under the laws of the State of Washington with a principal place of business at 999 Lake Dr., Issaquah, WA 98027.

### Jurisdiction and Venue

3.     This is a complaint for damages and injunctive relief based on Costco's drinkware-related sales and includes multiple grounds for relief including trademark and trade dress infringement, trademark and trade dress dilution, unfair competition and false designation of origin, misappropriation, unjust enrichment, patent infringement, and copyright infringement. This complaint arises under the Illinois Uniform Deceptive Trade Practices Act, 15 U.S.C. § 1051, *et seq*. ("the Lanham Act"); the Patent Act, 35 U.S.C. § 1, *et seq.*; the Copyright Act, 17 U.S.C. § 101 *et seq.*; the Illinois Uniform Deceptive Trade Practices Act; federal common law; and state common law, including the law of Illinois.

4.     This Court has subject matter jurisdiction over this complaint pursuant to at least 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1338(a), and 1367(a).

5.     This Court has personal jurisdiction over Costco because, *inter alia*, Costco is purposefully and intentionally availing itself of the privileges of doing business in the State of Illinois, including in this District.  Among other things, (i) Costco has advertised, marketed, promoted, offered for sale, sold, and/or distributed, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import, infringing products to customers and/or potential customers, including in this District, (ii) Costco's tortious acts giving rise to this

2

lawsuit and harm to YETI have occurred and are occurring in the State of Illinois, including in this District, (iii) Costco has regularly and intentionally done business in this District and sold its infringing products in this District providing Costco with substantial infringing business revenue from this District, (iv) Costco acted with knowledge that its unauthorized use of YETI's rights would cause harm to YETI in the State of Illinois and in this District, (v) Costco's customers and/or potential customers reside in the State of Illinois, including in this District, and (vi) Costco benefits financially from the Illinois market, including, for example, through sales of infringing products that ultimately occur in Illinois, including in this District. Further, on information and belief, Costco has sold infringing products for distribution throughout Illinois and this District, and has delivered infringing products into the stream of commerce to purchasers in Illinois, including in this District.

6.     Venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391(a)-(d) and 28 U.S.C. § 1400.

**General Allegations – YETI's Intellectual Property**

7.     For years, YETI has engaged in the development, manufacture, and sale of insulated products, including insulated drinkware. YETI created unique, distinctive, and non-functional designs to use with YETI's insulated drinkware.  YETI has extensively and continuously promoted and used these designs for years in the United States and in Illinois. Through that extensive and continuous promotion and use, YETI's designs have become well-known indicators of the origin and quality of YETI's insulated drinkware products.  YETI's designs also have acquired substantial secondary meaning in the marketplace and have become famous.  As discussed in more detail below, YETI owns various rights relating to its insulated drinkware designs, including trademark rights, trade dress rights, patent rights, and copyrights.

3

8.      Several years ago, YETI introduced its Rambler® Drinkware products into the marketplace.  YETI has sold millions of units of the Rambler® Drinkware throughout the United States, including close to a million the 36 oz. Rambler® Bottle, including sales to customers in the State of Illinois.  YETI has invested significant resources in the design, development, manufacture, advertising, and marketing of its Rambler® Drinkware, including the 36 oz. Rambler® Bottle.  The design and features of the Rambler® Drinkware have received widespread and unsolicited public attention.  For example, the Rambler® Drinkware has been featured in numerous newspaper, magazine, and Internet articles.

9.      The designs of the Rambler® Drinkware, including the 36 oz. Rambler® Bottle are distinctive and non-functional and identify to consumers that the origin of the Rambler® Drinkware, including the 36 oz. Rambler® Bottle, is YETI.  As a result of at least YETI's continuous and exclusive use of the Rambler® Drinkware, including the 36 oz. Rambler® Bottle, YETI's marketing, advertising, and sales of the Rambler® Drinkware, including the 36 oz. Rambler® Bottle, and the highly valuable goodwill and substantial secondary meaning acquired as a result, YETI owns trade dress rights in the design and appearance of the Rambler® Drinkware, including the 36 oz. Rambler® Bottle, which consumers have come to uniquely associate with YETI.

10.      Exemplary images of a YETI 36 oz. Rambler® Bottle are shown below:

**Illustration 1: Exemplary Images of a YETI 36 oz. Rambler® Bottle.**

 



11.     YETI has trade dress rights in the overall look, design, and appearance of the YETI 36 oz. Rambler® Bottle, which includes the design and appearance of the curves, tapers, and lines in the YETI 36 oz. Rambler® Bottle; the design and appearance of the profile of the YETI 36 oz. Rambler® Bottle; the design and appearance of the walls of the YETI 36 oz. Rambler® Bottle; the design and appearance of the rim of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the side wall of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the upper portion, mid portion, and bottom portion of the side wall of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the style line around the base of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the taper in the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the handle on the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the top plane of the cap of the YETI 36 oz. Rambler® Bottle; the design, appearance, and placement of the side walls of the cap of the YETI 36 oz. Rambler® Bottle; the color contrast and color combinations of the YETI 36 oz. Rambler® Bottle and the cap of the YETI 36 oz. Rambler® Bottle; and the relationship of these features to each other and to other features.

12.     As a result of YETI's exclusive, continuous, and substantial use, advertising, and sales of insulated drinkware products bearing YETI's trade dress and the publicity and attention that has been paid to YETI's trade dress, YETI's trade dress in its 36 oz. Rambler® Bottle has become famous and has acquired valuable goodwill and substantial secondary meaning in the marketplace, as consumers have come to uniquely associate YETI's trade dress as a source identifier of YETI.

6

13.     YETI has also used the trademarks "YETI" and "RAMBLER" throughout the United States in connection with at least its insulated drinkware products. YETI has used these trademarks throughout the United States and the State of Illinois, including with advertising and promoting YETI's 36 oz. Rambler® Bottle. YETI has sold millions of units of the Rambler® Drinkware bearing the "YETI" and "RAMBLER" trademarks throughout the United States, including close to a million of YETI's 36 oz. Rambler® Bottle.

14.     In view of YETI's extensive and continuous use of "YETI" and "RAMBLER," consumers have come to associate "YETI" and "RAMBLER" as source identifiers of YETI, and YETI owns trademark rights in these marks.    Further, YETI owns several trademark registrations, including:

    i.    Trademark Registration No. 3,203,869 ("the '869 Registration") for "YETI" for portable coolers;

    ii.    Trademark Registration No. 4,948,371 ("the '371 Registration") for "YETI" for clothing, namely, t-shirts, jerseys, shorts, hats, caps, sweatshirts, socks, jackets;

    iii.    Trademark Registration No. 4,998,897 ("the '897 Registration") for "RAMBLER" for jugs;

    iv.    Trademark Registration No. 5,233,441 ("the '441 Registration") for "RAMBLER" for beverageware, cups, drinking glasses, tumblers for use as drinking vessels, jugs, mugs, temperature-retaining drinking vessels, storage containers for household or domestic use, namely, vacuum container for hot or cold food and drink, beer growlers, insulated food and drink containers,

7

stainless steel tumblers for use as drinking vessels, stainless steel drinking

glasses, stainless steel beverageware, drinking straws;

v.   Trademark Registration No. 4,871,725 ("the '725 Registration") for "YETI

RAMBLER COLSTER" for stainless steel drink holders.

Copies of certificates of trademark registrations for these marks are attached as Exhibits

1-5.

15.   As a result of, *inter alia*, YETI's exclusive, continuous and substantial use of

"YETI" and "RAMBLER," YETI's exclusive, continuous, and substantial advertising and

promoting of products bearing "YETI" and "RAMBLER," and the publicity and attention that

has been paid to YETI's "YETI" and "RAMBLER" marks, these marks have become famous in

the United States and have acquired valuable goodwill and substantial secondary meaning in the

marketplace, as consumers have come to uniquely associate the "YETI" and "RAMBLER"

trademarks as source identifiers of YETI.

16.   YETI owns several design patents related to a bottle and/or lid, including:

i.   U.S. Design Patent No. D760,586 ("the '586 patent");

ii.   U.S. Design Patent No. D780,577 ("the '577 patent");

iii.   U.S. Design Patent No. D781,145 ("the '145 patent");

iv.   U.S. Design Patent No. D781,146 ("the '146 patent");

v.   U.S. Design Patent No. D783,367 ("the '367 patent");

vi.   U.S. Design Patent No. D783,368 ("the '368 patent"); and

vii.   U.S. Design Patent No. D784,775 ("the '775 patent").

17.   The '367 patent, '368 patent, and '775 patent are each entitled "Bottle," and the

'586 patent, '577 patent, '145 patent, and '146 patent are each entitled "Lid" (collectively,

8

"YETI's Bottle Patents"). Each of YETI's Bottle Patents was duly and legally issued by the U.S. Patent Office to YETI. YETI owns the entire right, title, and interest to each of YETI's Bottle Patents. Copies of these patents are attached as Exhibits 6-12.

18.     YETI also owns several copyrights related to its Rambler® Drinkware products. YETI recently filed a copyright application entitled "YETI RAMBLER 36 oz Bottle Label." A copy of the YETI RAMBLER 36 oz Bottle Label submitted to the U.S. Copyright Office is shown in Illustration 2 below.

| Illustration 2:  YETI RAMBLER 36 oz Bottle Label Submitted to Copyright Office |
| --- |



### General Allegations – Costco's Unlawful Activities

19.     Costco has purposefully advertised, marketed, promoted, offered for sale, sold, distributed, manufactured, and/or imported, and continues to advertise, market, promote, offer for sale, sell, distribute, manufacture, and/or import products that violate YETI's rights, including the rights protected by YETI's intellectual property. Costco's infringing products are confusingly similar imitations of YETI's products and are in the same size as YETI's products. Costco's actions have all been without the authorization of YETI.

20.     The infringing products of Costco's include at least its 36 oz. bottle products.

21.     Exemplary images of the infringing bottle products and exemplary images of YETI's legitimate bottle products are shown below:

| Illustration 3: Exemplary Images of Costco's Infringing 36 oz. Bottle Products. | Illustration 4: Exemplary Images of YETI's 36 oz. Rambler® Bottle. |
|---|---|
| <br> | <br> |

 

22.     As a result of Costco's activities related to the infringing bottle products, there is a likelihood of confusion between Costco and its products on the one hand, and YETI and its products on the other hand.

23.     YETI used its bottle trade dress and copyrighted labels extensively and continuously before Costco began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing into the United States its infringing products.  Moreover, YETI's trade dress became famous and acquired secondary meaning in the United States before Costco commenced its unlawful use of YETI's trade dress.

24.     In addition to infringing YETI's copyrights and diluting YETI's trade dress, Costco has also unlawfully used and continues to unlawfully use YETI's "YETI" and "RAMBLER," trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, in *inter alia*, advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing Costco's infringing products and/or labels, and are thereby infringing and diluting YETI's "YETI" and "RAMBLER" trademarks and intentionally trading on YETI's goodwill.

25.     As a result of Costco's activities related to use of YETI's "YETI" and "RAMBLER" trademarks, including through counterfeits, reproductions, copies, and/or

colorable imitations thereof, there is a likelihood of confusion between Costco and Costco's products on the one hand, and YETI and YETI's products on the other hand.

26.     YETI used its "YETI" and "RAMBLER" trademarks extensively and continuously before Costco began advertising, promoting, offering to sell, selling, distributing, manufacturing, and/or importing its infringing products.   Moreover, YETI's "YETI" and "RAMBLER" trademarks became famous and acquired secondary meaning in the United States before Costco commenced its unlawful use of YETI's trademarks.

27.     Costco's use of YETI's "YETI" and "RAMBLER" trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, have been intentional, willful, and malicious.   Costco's bad faith is evidenced at least by Costco's direct copying of YETI's products and unlawful use of YETI's trademarks.

28.     As discussed above and as set forth in the counts below, Costco's actions are unfair and unlawful.

**Count I:**
**Trademark Infringement under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1)**

29.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 28**Error! Reference source not found.** as though fully set forth herein.

30.     Based on the activities described above, including, for example, Costco using YETI's federally registered trademarks, including at least the trademarks protected by the '897 Registration, the '441 Registration, the '869 Registration, the '371 Registration, the '725 Registration, and/or colorable imitations thereof in connection with advertising, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Costco has infringed YETI's "YETI" and "RAMBLER" trademarks under § 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).   Costco's use of YETI's "YETI" and "RAMBLER"

trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof is likely to cause confusion, or to cause mistake, or to deceive.

31.     Costco's use of YETI's "YETI" and "RAMBLER" trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

32.     On information and belief, Costco's use of YETI's "YETI" and "RAMBLER" trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  Costco's bad faith is evidenced at least by Costco's unlawful use of "YETI" and "RAMBLER" trademarks in an effort to sell the infringing products, Costco's infringements of YETI's other rights, and Costco's continuing disregard for YETI's rights.

33.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Costco's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1114(1), 1116, and 1117.

## Count II:
## Trademark Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

34.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 33 as though fully set forth herein.

35.     Based on the activities described above, including, for example, Costco's use of YETI's trademarks, including "YETI," "RAMBLER," and/or colorable imitations thereof, Costco violates § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).  Costco's use of YETI's trademarks and/or colorable imitations thereof is likely to cause confusion, mistake, or deception

13

as to the affiliation, connection, and/or association of Costco with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

36.     YETI's trademarks are entitled to protection under the Lanham Act.  YETI's trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used its trademarks in the United States.  Through that extensive and continuous use, YETI's trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trademarks acquired this secondary meaning before Costco commenced its unlawful use of YETI's trademarks in connection with the infringing products.

37.     Costco's use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

38.     On information and belief, Costco's use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  Costco's bad faith is evidenced at least by Costco's unlawful use of YETI's trademarks to sell the infringing products, Costco's infringement of YETI's other rights, and Costco's continuing disregard for YETI's rights.

39.    YETI is entitled to injunctive relief, and YETI is entitled to recover at least Costco's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count III:**
**Trade Dress Infringement under § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)**

40.    YETI realleges and incorporates the allegations set forth in paragraphs 1 through 39 as though fully set forth herein.

41.    Costco's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) by infringing YETI's trade dress.  Costco's use of YETI's trade dress and/or colorable imitations thereof is likely to cause confusion, mistake, or deception as to the affiliation, connection, and/or association of Costco with YETI and as to the origin, sponsorship, and/or approval of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

42.    YETI's trade dress is entitled to protection under the Lanham Act.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used its trade dress in the United States.  Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products.  YETI's trade dress has also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress acquired this secondary meaning before Costco commenced its unlawful use of YETI's trade dress in connection with the infringing products.

43.    Costco's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which

15

YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

44.     On information and belief, Costco's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious. Costco's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, Costco's infringement of YETI's other rights, and Costco's continuing disregard for YETI's rights.

45.     YETI is entitled to injunctive relief, and YETI is entitled to recover at least Costco's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count IV:**
**Trademark Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

46.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 45 as though fully set forth herein.

47.     Based on the activities described above, including, for example, Costco's use of YETI's trademarks, including "YETI," "RAMBLER," and/or colorable imitations thereof, Costco is likely to dilute, has diluted, and continues to dilute YETI's famous trademarks in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Costco's use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, is likely to cause, and has caused, dilution of YETI's famous trademarks at least by eroding the public's exclusive identification of YETI's famous trademarks with YETI and YETI's products, by lessening the capacity of YETI's famous trademarks to identify and distinguish YETI's products, by associating YETI's trademarks with products of inferior quality, and by impairing the distinctiveness of YETI's famous trademarks.

16

48.     YETI's trademarks are famous and are entitled to protection under the Lanham Act.  YETI's trademarks are inherently distinctive.  YETI's trademarks also have acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trademarks in the United States.  Through that extensive and continuous use, YETI's trademarks have become famous, well-known indicators of the origin and quality of YETI's products throughout the United States, and are widely recognized by the general consuming public as a designation of the source of YETI and YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trademarks became famous and acquired this secondary meaning before Costco commenced its unlawful use of YETI's trademarks in connection with the infringing products.

49.     Costco's use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

50.     On information and belief, Costco's use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious.  Costco's bad faith is evidenced at least by Costco's unlawful use of YETI's trademarks to sell the infringing products, Costco's infringement of YETI's other rights, and Costco's continuing disregard for YETI's rights.

51.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Costco's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count V:**
**Trade Dress Dilution under § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c)**

52.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 51 as though fully set forth herein.

53.     Based on the activities described above, including, for example, Costco's advertising, marketing, promoting, offering for sale, selling, distributing, manufacturing, and/or importing the infringing products, Costco is likely to dilute, has diluted, and continues to dilute YETI's famous trade dress in violation of § 43(c) of the Lanham Act, 15 U.S.C. § 1125(c). Costco's use of YETI's trade dress and/or colorable imitations thereof is likely to cause, and has caused, dilution of YETI's famous trade dress at least by eroding the public's exclusive identification of YETI's famous trade dress with YETI and YETI's products, by lessening the capacity of YETI's famous trade dress to identify and distinguish YETI's products, by associating YETI's trade dress with products of inferior quality, and by impairing the distinctiveness of YETI's famous trade dress.

54.     YETI's trade dress is famous and is entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI's trade dress has acquired distinctiveness through YETI's extensive and continuous promotion and use of YETI's trade dress in the United States. Through that extensive and continuous use, YETI's trade dress has become a famous well-known indicator of the origin and quality of YETI's products throughout the United States, and is widely recognized by the general consuming public as a designation of the source of YETI and YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress became famous and acquired this secondary meaning before Costco commenced its unlawful use of YETI's trade dress in connection with the infringing products.

18

55.     Costco's use of YETI's trade dress and/or colorable imitations thereof has caused, and, unless enjoined, will continue to cause, substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress, YETI's products, and YETI.

56.     On information and belief, Costco's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Costco's bad faith is evidenced at least by the similarity of the infringing products to YETI's trade dress, Costco's infringement of YETI's other rights, and Costco's continuing disregard for YETI's rights.

57.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Costco's profits, YETI's actual damages, enhanced profits and damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(c), 1116, and 1117.

**Count VI:**
**Unfair Competition and False Designation of Origin under § 43(a)**
**of the Lanham Act, 15 U.S.C. § 1125(a)**

58.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 57 as though fully set forth herein.

59.     Costco's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, violate § 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) and constitute unfair competition and false designation of origin, at least because Costco has obtained an unfair advantage as compared to YETI through Costco's use of YETI's trade dress and trademarks and because such uses are likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of Costco's infringing products, at least by creating the false and misleading impression that its infringing

products are manufactured by, authorized by, or otherwise associated with YETI.

60. YETI's trade dress and trademarks relating to its 36 oz. Rambler® Bottle are entitled to protection under the Lanham Act. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress and trademarks in the United States. Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Costco commenced its unlawful use of YETI's trade dress and trademarks in connection with the infringing products.

61. Costco's use of YETI's trade dress and trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and trademarks with YETI and YETI's products.

62. On information and belief, Costco's use of YETI's trade dress and trademarks and/or colorable imitations thereof has been intentional, willful, and malicious. Costco's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and trademarks, Costco's infringement of YETI's other rights, and Costco's continuing disregard for YETI's rights.

63. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Costco's profits, YETI's actual damages, enhanced damages, costs, and reasonable attorney fees under at least 15 U.S.C. §§ 1125(a), 1116, and 1117.

**Count VII:**
**Common Law Trademark Infringement**

64.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 63 as though fully set forth herein.

65.     Costco's activities described above, including, for example, Costco's use of YETI's trademarks, including "YETI," "RAMBLER," and/or colorable imitations thereof, in direct competition with YETI, constitute common law trademark infringement, at least because Costco's use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of the infringing products, at least by creating the false and misleading impression that the infringing products are manufactured by, authorized by, or otherwise associated with YETI.

66.     YETI's trademarks are entitled to protection under the common law. YETI has extensively and continuously promoted and used its trademarks in the United States and the State of Illinois.  Through that extensive and continuous use, YETI's trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trademarks acquired this secondary meaning before Costco commenced its unlawful use of YETI's trademarks in connection with the infringing products.

67.     Costco's use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trademarks, YETI's products, and YETI.

68. On information and belief, Costco's use of YETI's trademarks, including through counterfeits, reproductions, copies, and/or colorable imitations thereof, has been intentional, willful, and malicious. Costco's bad faith is evidenced at least by Costco's unlawful use of YETI's trademarks to sell the infringing products, Costco's infringement of YETI's other rights, and Costco's continuing disregard for YETI's rights.

69. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Costco's profits, punitive damages, costs, and reasonable attorney fees.

**Count VIII:**
**Common Law Trade Dress Infringement**

70. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 69 as though fully set forth herein.

71. Costco's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law trade dress infringement, at least because Costco's use of YETI's trade dress and/or colorable imitations thereof is likely to cause consumer confusion as to the origin and/or sponsorship/affiliation of its infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.

72. YETI's trade dress relating to its 36 oz. Rambler® Bottle is entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used its trade dress in the United States and the State of Illinois. Through that extensive and continuous use, YETI's trade dress has become a well-known indicator of the origin and quality of YETI's products. YETI's trade dress has also acquired substantial secondary meaning in the marketplace. Moreover, YETI's

trade dress acquired this secondary meaning before Costco commenced its unlawful use of YETI's trade dress in connection with its infringing products.

73.     Costco's use of YETI's trade dress and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress with YETI and YETI's products.

74.     On information and belief, Costco's use of YETI's trade dress and/or colorable imitations thereof has been intentional, willful, and malicious.  Costco's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress, Costco's infringement of YETI's other rights, and Costco's continuing disregard for YETI's rights.

75.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Costco's profits, punitive damages, costs, and reasonable attorney fees.

**Count IX:**
**Common Law Unfair Competition**

76.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 75 as though fully set forth herein.

77.     Costco's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law unfair competition, at least by palming off/passing off of Costco's goods, by simulating YETI's trade dress and trademarks in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of Costco's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.  Costco has

also interfered with YETI's business.

78.     YETI's trade dress and trademarks relating to its 36 oz. Rambler® Bottle are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Illinois.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Costco commenced its unlawful use of YETI's trade dress and trademarks in connection with its infringing products.

79.     Costco's use of YETI's trade dress and trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and trademarks with YETI and YETI's products.

80.     On information and belief, Costco's use of YETI's trade dress and trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.  Costco's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and trademarks,  Costco's infringement of YETI's other rights, and Costco's continuing disregard for YETI's rights.

81.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Costco's profits, punitive damages, costs, and reasonable attorney fees.

## Count X:
## Common Law Misappropriation

82.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 81 as though fully set forth herein.

83.     Costco's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, constitute common law misappropriation.

84.     YETI created the 36 oz. Rambler® Bottle covered by YETI's trade dress and trademarks through extensive time, labor, effort, skill, and money.  Costco has wrongfully used YETI's trade dress and trademarks and/or colorable imitations thereof in competition with YETI and gained a special advantage because Costco was not burdened with the expenses incurred by YETI.  Costco has commercially damaged YETI, at least by causing consumer confusion as to origin and/or sponsorship/affiliation of Costco's infringing products, by creating the false and misleading impression that their infringing products are manufactured by, authorized by, or otherwise associated with YETI, and by taking away sales that YETI would have made.

85.     YETI's trade dress and trademarks relating to its 36 oz. Rambler® Bottle are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Illinois.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Costco commenced its unlawful use of YETI's trade dress and trademarks in connection with its infringing products.

25

86. Costco's use of YETI's trade dress and trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and trademarks with YETI and YETI's products. Moreover, as a result of its misappropriation, Costco has profited and, unless such conduct is enjoined by this Court, will continue to profit by misappropriating the time, effort, and money that YETI invested in establishing the reputation and goodwill associated with YETI's trade dress and trademarks with YETI and YETI's products.

87. Costco's misappropriation of YETI's trade dress and trademarks and/or colorable imitations thereof has been intentional, willful, and malicious. Costco's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and trademarks, Costco's infringement of YETI's other rights, and Costco's continuing disregard for YETI's rights.

88. YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's damages, Costco's profits, punitive damages, costs, and reasonable attorney fees.

## Count XI:
## Unjust Enrichment

89. YETI realleges and incorporates the allegations set forth in paragraphs 1 through 88 as though fully set forth herein.

90. Costco's advertisements, promotions, offers to sell, sales, distribution, manufacture, and/or importing of its infringing products, in direct competition with YETI, constitute unjust enrichment, at least because Costco has wrongfully obtained benefits at YETI's expense. Costco has also, *inter alia*, operated with an undue advantage.

91. YETI created the 36 oz. Rambler® Bottle covered by YETI's trade dress and

trademarks through extensive time, labor, effort, skill, and money. Costco has wrongfully used and are wrongfully using YETI's trade dress and trademarks, and/or colorable imitations thereof, in competition with YETI, and have gained and are gaining a wrongful benefit by undue advantage through such use. Costco has not been burdened with the expenses incurred by YETI, yet Costco is obtaining the resulting benefits for its own business and products.

92.     YETI's trade dress and trademarks relating to its 36 oz. Rambler® Bottle are entitled to protection under the common law. YETI's trade dress includes unique, distinctive, and non-functional designs. YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Illinois. Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products. YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace. Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Costco commenced its unlawful use of YETI's trade dress and trademarks and colorable imitations thereof in connection with its infringing products.

93.     Costco's use of YETI's trade dress and trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable commercial injury to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and trademarks with YETI and YETI's products. YETI accumulated this goodwill and reputation through extensive time, labor, effort, skill, and investment. Costco has wrongfully obtained and are wrongfully obtaining a benefit at YETI's expense by taking undue advantage and free-riding on YETI's efforts and investments, and enjoying the benefits of

YETI's hard-earned goodwill and reputation.

94.     Costco's unjust enrichment at YETI's expense has been intentional, willful, and malicious.  Costco's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and trademarks, Costco's infringement of YETI's other rights, and Costco's continuing disregard for YETI's rights.

95.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Costco's profits.

**Count XII:**
**<u>Patent Infringement Under 35 U.S.C. § 271</u>**

96.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 95 as though fully set forth herein.

97.     Costco has infringed and continues to infringe each of YETI's Bottle Patents at least by using, offering to sell, selling, making, and/or importing Costco's infringing bottles, which are covered by the claim of each of YETI's Bottle Patents.

98.     Costco's acts of infringement have been without express or implied license by YETI, are in violation of YETI's rights, and will continue unless enjoined by this Court.

99.     On information and belief, Costco's infringement of each of YETI's Bottle Patents has been, and continues to be, deliberate, intentional, and willful.

100.     On information and belief, this is an exceptional case in view of Costco's unlawful activities, including Costco's deliberate, intentional, and willful infringement.

101.     YETI has been, is being, and will continue to be injured and has suffered, is suffering, and will continue to suffer injury and damages for which it is entitled to relief under at least 35 U.S.C. §§ 281, 284, 285, and 289.

102.     Costco also has caused, is causing, and will continue to cause irreparable harm to YETI for which there is no adequate remedy at law and for which YETI is entitled to injunctive relief under at least 35 U.S.C. § 283.

**Count XIII:**
**Copyright Infringement Under 17 U.S.C. § 501**

103.     YETI realleges and incorporates the allegations set forth in paragraphs 1 through 102 as though fully set forth herein.

104.     Based on the activities described above, including, for example, copying, reproducing, making, displaying, distributing, using, and/or preparing derivative works of the YETI RAMBLER 36 oz Bottle Label—and doing so to help advertise, promote, offer for sale, sell, distribute, manufacture, and/or import its infringing products—Costco has infringed YETI's copyrights in the YETI RAMBLER 36 oz Bottle Label in violation of at least 17 U.S.C. § 501.

105.     Costco's acts of infringement are willful.  Costco's bad faith is evidenced at least by Costco's direct copying of the YETI RAMBLER 36 oz Bottle Label, and Costco then using these copies to, *inter alia*, advertise, promote, offer for sale, sell, distribute, manufacture, and/or import Costco's drinkware. Costco's bad faith is further evidenced by Costco's infringement of YETI's other rights, and Costco's continuing disregard for YETI's rights.

106.     Each infringement by Costco of YETI's copyrighted works in the YETI RAMBLER 36 oz Bottle Label constitutes a separate and distinct act of infringement.

107.     Costco's infringement of YETI's copyrights has caused irreparable injury to YETI.

108.     YETI is entitled to injunctive relief, and YETI is also entitled to recover at least YETI's actual damages and/or Costco's profits under 17 U.S.C. § 504(b), or in the alternative statutory damages under 17 U.S.C. § 504(c), and costs at least under 17 U.S.C. § 505.

**Count XIV:**
**Deceptive Trade Practices Under 815 ILCS § 510**

109.   YETI realleges and incorporates the allegations set forth in paragraphs 1 through 108 as though fully set forth herein.

110.   Costco's advertisements, marketing, promotions, offers to sell, sales, distribution, manufacture, and/or importing of the infringing products, in direct competition with YETI, violates the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, at least by palming off/passing off of Costco's goods, by simulating YETI's trade dress and trademarks in an intentional and calculated manner that is likely to cause consumer confusion as to origin and/or sponsorship/affiliation of Costco's infringing products, at least by creating the false and misleading impression that its infringing products are manufactured by, authorized by, or otherwise associated with YETI.  Costco has also interfered with YETI's business.

111.   YETI's trade dress and trademarks relating to its 36 oz. Rambler® Bottle are entitled to protection under the common law.  YETI's trade dress includes unique, distinctive, and non-functional designs.  YETI's trademarks are inherently distinctive.  YETI has extensively and continuously promoted and used YETI's trade dress and trademarks for years in the United States and the State of Illinois.  Through that extensive and continuous use, YETI's trade dress and trademarks have become well-known indicators of the origin and quality of YETI's products.  YETI's trade dress and trademarks have also acquired substantial secondary meaning in the marketplace.  Moreover, YETI's trade dress and trademarks acquired this secondary meaning before Costco commenced its unlawful use of YETI's trade dress and trademarks in connection with its infringing products.

112.   Costco's use of YETI's trade dress and trademarks and/or colorable imitations thereof has caused and, unless enjoined, will continue to cause substantial and irreparable injury

to YETI for which YETI has no adequate remedy at law, including at least substantial and irreparable injury to the goodwill and reputation for quality associated with YETI's trade dress and trademarks with YETI and YETI's products.

113.   On information and belief, Costco's use of YETI's trade dress and trademarks and/or colorable imitations thereof has been intentional, willful, and malicious.   Costco's bad faith is evidenced at least by the similarity of its infringing products to YETI's trade dress and trademarks,   Costco's infringement of YETI's other rights, and by Costco's continuing disregard for YETI's rights.

114.   YETI is entitled to injunctive relief, and YETI is also entitled to recover at least Costco's profits, YETI's actual damages, enhanced profits and damages, and reasonable attorney fees under at least 815 ILCS § 510.

## Demand for Jury Trial

YETI hereby demands a jury trial on all issues so triable.

## Relief Sought

WHEREFORE, Plaintiff respectfully prays for:

1.   Judgment that Costco has  (i) infringed YETI's registered trademarks in violation of § 1114(1) of Title 15 in the United States Code; (ii) infringed YETI's trademarks in violation of § 1125(a) of Title 15 in the United States Code; (iii) infringed YETI's trade dress in violation of § 1125(a) of Title 15 in the United States Code; (iv) diluted YETI's trademarks in violation of § 1125(c) of Title 15 in the United States Code; (v) diluted YETI's trade dress in violation of § 1125(c) of Title 15 in the United States Code; (vi) engaged in unfair competition and false designation of origin in violation of § 1125(a) of Title 15 in the United States Code; (vii) violated YETI's common law rights in YETI's trademarks; (viii) violated YETI's common law

rights in YETI's trade dress; (ix) engaged in common law unfair competition; (x) engaged in common law misappropriation; (xi) been unjustly enriched at YETI's expense; (xii) infringed YETI's design patents in violation of § 271 of Title 35 in the United States Code; (xiii) infringed YETI's copyrights in violation of § 501 of Title 17 in the United States Code' (xiv) violated the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, and that all of these wrongful activities by Costco were willful;

2.      A temporary restraining order, preliminary injunction and other injunctive relief against further infringement and dilution of YETI's trademarks  and trade dress, further acts of unfair competition, misappropriation, and unjust enrichment, further infringement of YETI's design patents, and further infringement of YETI's copyrights by Costco, and each of its agents, employees, servants, attorneys, successors and assigns, and all others in privity or acting in concert with any of them, including at least from selling, offering to sell, distributing, manufacturing, importing, or advertising the infringing products, or any other products that use a copy, reproduction, or colorable imitation of YETI's trademarks, trade dress, copyrights, and/or design patents, pursuant to at least 15 U.S.C. § 1116, 17 U.S.C. § 502, 35 U.S.C. § 283, and 815 ILCS § 510;

3.      An Order that Costco pay YETI for all profits and damages resulting from Costco's infringing activities and that the award to YETI be trebled, as provided for under 15 U.S.C. § 1117, or, at YETI's election, that YETI be awarded statutory damages from Costco in the amount of $2,000,000.00 per counterfeit mark per type of goods sold, as provided by at least 15 U.S.C. § 1117(c);

4.      An Order directing Costco to recall all infringing products sold and/or distributed and provide a full refund for all recalled infringing products;

5.      An Order directing the destruction of (i) all infringing products, including all recalled infringing products, (ii) any other products that use a copy, reproduction, or colorable imitation of YETI's trademarks or trade dress or that infringe YETI's copyrights or design patents in Costco's possession or control, (iii) all plates, molds, and other means of making the infringing products in Costco's possession, custody, or control, and (iv) all advertising materials related to the infringing products in Costco's possession, custody, or control, including on the Internet, pursuant to at least 15 U.S.C. § 1118;

6.      An Order directing Costco to publish a public notice providing proper attribution of YETI's trademarks and trade dress to YETI, and to provide a copy of this notice to all customers, distributors, and/or others from whom the infringing products are recalled;

7.      An Order barring importation of the infringing products and/or colorable imitations thereof into the United States, and barring entry of the infringing products and/or colorable imitations thereof into any customhouse of the United States, pursuant to at least 15 U.S.C. § 1125(b);

8.      An award of Costco's profits, YETI's actual damages, enhanced damages, exemplary damages, costs, prejudgment and post judgment interest, and reasonable attorney fees pursuant to at least 15 U.S.C. §§ 1114(1), 1125(a), 1125(c), 1116, and 1117 and 815 ILCS § 510;

9.      An award of YETI's actual damages and/or Costco's profits, or in the alternative statutory damages under, and costs pursuant to 17 U.S.C. § 504(b, c) and § 505;

10.     An award of damages to compensate YETI for the patent infringements that have occurred pursuant to 35 U.S.C. § 284, and/or an award of Costco's profits from their patent infringements pursuant to 35 U.S.C. § 289, together with prejudgment interest and costs and reasonable attorney fees, pursuant at least to 35 U.S.C. §§ 284 and 285; and

11.     Such other and further relief as this Court deems just and proper.

Dated:  September 28, 2017                    Respectfully submitted,

                                              By: */s/ Joseph J. Berghammer*
                                              Joseph J. Berghammer
                                              Illinois Bar No. 6273690
                                              jberghammer@bannerwitcoff.com
                                              Marc S. Cooperman
                                              Illinois Bar No. 6201035
                                              mcooperman@bannerwitcoff.com
                                              John A. Webb, Jr.
                                              Illinois Bar No. 6321695
                                              jwebb@bannerwitcoff.com
                                              Banner & Witcoff, Ltd.
                                              Ten South Wacker Drive
                                              Suite 3000
                                              Chicago, IL 60606-7407
                                              Telephone: (312) 463-5000
                                              Facsimile: (312) 463-5001

                                              **ATTORNEYS FOR YETI COOLERS, LLC**